1808

Drury & Bennett
vs
Negro Grace

had the goods not been disposed of by the defendant, the plaintiff could have returned or given notice where the goods were stored, and recovered over from the person who sold to him. It is true, that if at the time of making this note any particular agreement or understanding took place between the plaintiff, or his agent *MacCreery*, and the defendant, that a deduction should be made on account of any defect in the goods, that the defendant has his remedy in equity by making them parties, or in *this court*, if he can prove the note was delivered with such intention or understanding of the parties. The defendant excepted, and the verdict and judgment being against him, he brought this appeal.

The case was submitted to the court without argument.

*W. Dorsey*, for the Appellant.
*Purviance* and *S. Chase*, Jr. for the Appellee.

JUDGMENT AFFIRMED.

---

DECEMBER.

DRURY & BENNETT vs. NEGRO GRACE.

*Where the limitation over is in fee after an indefinite failure of issue, it is not good as an executory devise, because of its tendency to create a perpetuity by rendering property unalienable.*

*In expounding wills, the first and great principle to be observed is, that the intention of the testator is to prevail, unless such intention is opposed by some rule of law.*

*Z W, by his will, devised as follows: "I devise the whole of my property, real and personal, to my beloved daughter M W, to her and*

APPEAL from *Anne-Arundel* County Court. In this case the appellee petitioned for her freedom, and the following case was stated for the opinion of the county court. *Zebedee Wood*, being possessed of sundry negro slaves, and among others of the petitioner, on the 10th of February 1788, duly made his last will and testament, containing this clause—"I devise and bequeath the whole of my property, real and personal, to my beloved daughter *Mary Ann Wood*, to her and her heirs for ever, *and in case she dies without lawful issue*, then the whole of my said property is to be possessed by my dear wife *Ann*, during her widowhood, and no longer, and at her death or marriage to be sold at public sale, and five hundred pounds current money, out of the money arising therefrom, to be

*her heirs for ever; and in case she dies without lawful issue, then the whole of my said property is to be possessed by my dear wife A, during her widowhood, and no longer; and at her death or marriage, to be sold at public sale, and the money arising therefrom to be equally divided between H, C and N." M W obtained possession of the property so devised to her, and died in the 17th year of her age, unmarried, and without having any issue, having by her will manumitted all her slaves. A, the widow of the testator, is now living, having in the life time of M W married one R B. Negro Grace, one of the slaves manumitted by M W, petitioned for her freedom against H, C and N—Held, that the limitation over in the will to A, during her widowhood, constituted a good executory devise, because it was to take effect on the contingency of M W dying without leaving issue at the time of her death, and that the petitioner is not entitled to her freedom.*

paid by my executor to my nephew *James Cummins*, or to his heirs, (if any,) and the balance thereof equally divided between my brother *Hopewell*, and sisters *Cassandra* and *Ann*," &c. The testator died on or about the 3d of April 1788, without having revoked, or in any manner changed his will. *Samuel Harrison*, the executor named in the will, renounced the same, and letters of administration were granted to *Drury*, one of the defendants. After the death of the testator, *Mary Ann Wood* his daughter and legatee, obtained possession of the negro slaves; and being so possessed of them and entitled to them, on the 9th of October 1800, duly made her last will and testament in writing, in which, among other things, is as follows: "My will and desire is, that all my negroes shall be free." The testatrix died on the 7th of January 1801, in the *seventeenth year of her age*, unmarried; and without having any issue of her body, and also without revoking or in any manner changing her will. After the death of *Zebedee Wood*, *Ann* his widow intermarried with one *Richard Brown*, before the death of *Mary Ann Wood*, and survived *Mary Ann Wood*, and is now in full life, and has received her thirds of the personal estate of *Zebedee Wood*. *Hopewell* and *Cassandra Wood*, the brother and sister of *Zebedee Wood*, and legatees named in his will, survived *Mary Ann Wood*, and are now alive, and *Ann*, the sister and legatee of *Zebedee*, died before *Mary Ann Wood*, leaving issue still living. The defendants have obtained possession of the petitioner, and have acquired and are invested with all the right, title and estate, that *Hopewell*, *Cassandra* and *Ann*, had in the petitioner, and are to be considered in the same light that *Hopewell*, *Cassandra* and *Ann* would, were they the defendants in this cause. On this statement, the county court gave judgment for the petitioner, and the defendants brought this appeal

The case was argued before CHASE, Ch. J. BUCHANAN, and NICHOLSON, J.

*T. Buchanan*, for the Appellant, stated that the question was upon the construction of the will of *Zebedee Wood*, whether *Mary Ann Wood* took an absolute estate under the devise to her in the will, or was it not an executory devise to *Ann*, the wife of the testator?

1808

Drury & Bennett
vs
Negro Grace

To show that it was an executory devise, he cited 2 Blk. Com. 173. 2 Fearne's Ex. Dev 1, 73. Nichols vs Hooper, 1 P. Wms. 199. Target vs. Gaunt, Ibid. 432. Hughes vs. Sayer, Ibid 584. Pinbury vs. Elkin, Ibid 564. Forth vs Chapman, Ibid 663. Atkinson vs Hutchinson, 3 P. Wms. 258. Lampley vs. Blower, 3 Atk. 396. Keily vs Fowler, 6 Bro. P. C. 309. Goodtittle vs. Pegden, 2. T. R. 720. Wilkinson vs South, 7 T. R. 551. Roe vs. Jeffery, Ibid 585. Fearne's Ex. Dev. 279, (376.) Doe vs. Lyde, 1 T. R. 598; & Trafford vs Boehm, 3 Atk. 449

Johnson, (Attorney General,) for the Appellee, contended that a devise over, after a failure of issue generally, without restrictive words, was not an executory devise; and that there was no executory devise in this case to Ann, the wife of the testator. He cited Love vs Wyndham, 1 Lev. 290. Pearse vs Reeves, Pollex. 29. Earl of Stafford vs Buckley, 2 Ves. 181. Badger vs Lloyd, 1 Ld. Raym. 523. Beauclerk vs Dormer, 2 Atk. 308, 312. Saltern vs Saltern, Ibid 376. Sheffield vs Lord Orrery, 3 Atk. 287. Lanesborough vs Fox, Ca. temp. Talb. 262. Fearne, 322, 325, 341, 159. 2 Bac. Ab, 76, 77. and Davidge vs Charney, 4 Har. & M'Hen. 393.

CHASE, Ch J. delivered the opinion of the court. The question to be decided by the court in this case, arises under the will of Zebedee Wood; what estate did Ann Wood, the widow of Zebedee Wood, take under the will?

It is a principle generally recognized by the courts of law and equity, and the court think well established, that where the limitation over is in fee, after an indefinite failure of issue, it is not good as an executory devise, because of its tendency to create a perpetuity by rendering property unalienable. In this case the limitation over is to Ann Wood, during her widowhood, and at her death or marriage, to be sold, &c. It is stated that Ann, the widow, married during the life of Mary Ann Wood, the first devisee, and is now living.

In expounding wills, the first and great principle to be observed is, that the intention of the testator is to prevail unless such intention is opposed by some rule of law. The only rule of law which is supposed to stand in the way in this case, is that which restrains the testator from limiting

his estate in such manner as to create a perpetuity; and if that is no obstacle in this case, there is nothing to prevent the testator's intention from being effectuated.

The limitation over to *Ann*, during her widowhood, plainly evinces an intention in the testator that she should be benefited by the devise to her, which could not be the case if her interest could not vest until the unrestricted failure of issue of *Mary Ann*, during the widowhood of *Ann*—a mere possibility, and too remote to be in the contemplation of the testator.

The limitation over to *Ann*, during her widowhood, constitutes a good executory devise, because it was to take effect on the contingency of *Mary Ann* dying without leaving issue at the time of her death.

The only consequence which can result from *Ann's* marrying in the life-time of *Mary Ann*, is that the remainder over, after the death or marriage of *Ann*, did take effect immediately on the death of *Mary Ann*, and such event did not change or alter the quality or nature of the estate created by the first limitation over to *Ann*, nor did it defeat the remainder over.

The court are of opinion, that the judgment of the county court be reversed.

JUDGMENT REVERSED.